UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary L. DAVIS, Defendant–Appellant.

No. 98–3574.

United States Court of Appeals,
Sixth Circuit.

Argued: July 13, 1999.

Decided and Filed: Aug. 9, 1999.

James A. Wilson, Assistant U.S. Attorney (argued and briefed), Dayton, Ohio, for Plaintiff–Appellee.

Richard W. Smith–Monahan (argued), Office of the Federal Public Defender, Southern District of Ohio, Cincinnati, Ohio, Randolph W. Alden (briefed), Office of the Federal Public Defender, Dayton, Ohio, for Defendant–Appellant.

Before: KENNEDY, CONTIE, and RYAN, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Following the revocation of his three-year term of supervised release, the district court sentenced defendant-appellant Gary L. Davis ("Davis") to a two-year term of imprisonment and a one-year term of supervised release. On appeal, Davis asserts that the one-year term of supervised release violates 18 U.S.C. § 3583(h) in light of the two-year term of imprisonment imposed by the district court. The United States agrees with Davis' argument and asks that Davis' sentence be vacated and this action remanded to district court for resentencing. Because we agree with the parties' arguments, we vacate Davis' sentence and remand this action to district court for resentencing.

I.

On May 24, 1993, Davis was charged with bank robbery (in violation of 18

U.S.C. § 2113(a)) in a one-count Information filed in the United States District Court for the Southern District of Ohio.[1] On May 25, 1993, Davis pled guilty to the crime charged in the Information. On August 31, 1993, the district court sentenced Davis to a 52–month term of imprisonment and a three-year term of supervised release. The court also ordered Davis to make restitution in the amount of $3,280 to Society National Bank.

Davis began serving his three-year term of supervised release on February 7, 1997. On July 2, 1997, Davis' probation officer petitioned the district court "[t]o issue a warrant, and toll the term of supervised release as Mr. Davis is not available for supervision." Petition for Warrant or Summons for Offender Under Supervision at 1. Specifically, the petition alleged that Davis: "failed to comply with drug treatment requirements"; "submitted five urinalysis specimens which tested positive for cocaine"; "failed to report to the Probation Office as instructed"; and "failed to maintain steady employment." *Id.* at 1–2.[2]

On November 6, 1997, Davis appeared in district court for a probation violation hearing and admitted that he violated the terms of his supervised release. On January 22, 1998, the district court: ordered that Davis be enrolled in an inpatient residential drug treatment program in Columbus, Ohio; ordered that Davis seek employment; and set the final hearing for July 24, 1998.

On January 23, 1998, the district court imposed numerous conditions on Davis pending final disposition of his supervised release status:

Pursuant to the record made in open court on January 22, 1998, the violation proceeding filed in this case is continued for a period of six months, until July 24, 1998. Pending disposition of this proceeding, Mr. Davis is continued on supervised release under the following conditions:

> 1. Mr. Davis is ordered to successfully complete a period of residential substance abuse treatment. The length and place of this treatment is to be at the discretion of the probation officer.
>
> 2. Upon completion of residential treatment, Mr. Davis will attend and successfully complete outpatient treatment as deemed necessary by his probation officer.
>
> 3. After release from residential treatment, Mr. Davis will obtain and maintain full-time, verifiable employment.
>
> 4. Pending placement into a residential program, Mr. Davis will be released from custody, and will report in person, before 9:30 a.m., on a daily basis to the U.S. Probation Office in Columbus, Ohio.

The defendant was advised that his failure to abide by the above conditions would result in revocation of his supervised release, and imposition of a two-year imprisonment term.

Order Continuing Supervised Release Under Certain Conditions at 1.

One week later, Davis' probation officer asked the district court to issue a warrant for Davis' arrest and recommended that

---

1. Specifically, the Information alleged:
   On or about March 15, 1993, in the Southern District of Ohio, GARY L. DAVIS, the Defendant, by force and violence and by intimidation, did take from the person and presence of Rosanne Whitmarsh, a bank teller, approximately $3,280.00 in money belonging to and in the care, custody, control, management and possession of Society National Bank, 4600 N. Dixie Drive, Dayton, Ohio, the deposits of which were then

insured by the Federal Deposit Insurance Corporation.
May 24, 1993 Information at 1.

2. The petition also alleged that Davis "failed to comply with the directives of [the probation] officer regarding his drug treatment," and noted that Davis' "current whereabouts are unknown." Petition for Warrant or Summons for Offender Under Supervision at 1–2.

Davis' term of supervised release be revoked:

> In violation of the Court's order dated January 22, 1998, requiring the defendant to complete a residential drug program and report daily to his probation officer, Mr. Davis has failed to report to his probation officer since January 26, 1998, and by virtue of this lack of contact, was unaware of his scheduled entry into Maryhaven on January 27, 1998.
>
> In violation of standard condition # 7, prohibiting illegal drug use, Mr. Davis submitted a urine sample at the U.S. Probation Office in Columbus on January 26, 1998, that tested positive for cocaine.

January 30, 1998 Supplemental Petition for Warrant or Show Cause Order for Offender Under Supervision at 1.

On February 2, 1998, the district court issued a warrant for Davis' arrest. Davis was arrested on March 6, 1998. On March 13, 1998, the district court held Davis' probation revocation hearing. Following the hearing, the district court revoked Davis' supervised release and, in its place, sentenced Davis to serve an additional two-year term of imprisonment and a one-year term of supervised release. Specifically, the district court held:

> Pursuant to the record set forth in open court on March 12, 1998, the Defendant is found in violation of the Supervised Release which began on February 7, 1997.
>
> Defendant is remanded to the custody of the Attorney General of the United States for two (2) years.
>
> The two (2) year sentence is to be followed by a one (1) year period of supervised release. In addition to the initial conditions originally imposed, the Defendant is to enter, as quickly as possible after release from imprisonment, an inpatient drug treatment program, from which he is not to leave until the facility thinks the Defendant should be released. The Defendant is to report within seventy-two (72) hours upon release from imprisonment to the supervising agency. The Defendant is to follow the rules and regulations of the supervising agency. The Defendant is to receive frequent urinalyses [and] is to seek and maintain employment.

March 16, 1998 Order Finding Defendant in Violation of Supervised Release and Imposing Sentence at 1.

On March 20, 1998, Davis moved to correct his sentence under Federal Rule of Criminal Procedure 35(c). Specifically, Davis asserted that the district court committed clear error by imposing a one-year term of supervised release and a two-year term of imprisonment:[3]

> The Court imposed a one-year period of supervised release after it had imposed the maximum sentence authorized in revoking Mr. Davis' supervised release. Accordingly, the Court has given Mr. Davis a sentence that was imposed as a result of clear error and which must be corrected under Fed.R.Crim.P. 35(c).
>
> Pursuant to 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release, and require the offender to serve not more than two years imprisonment for a Class C Felony, without credit for the time previously served on supervised release. This portion of the Court's sentence was properly imposed. However, pursuant to 18 U.S.C. § 3583(h), a district court may only place a defendant on a term of supervised release following revocation if less than the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is imposed.... Because the maximum term of 2 years was imposed on Mr. Davis, reimposition of a period of supervised release violates 18 U.S.C. § 3583(h) and is clear error.

---

**3.** The two-year term of imprisonment was the maximum term available to the district court

under 18 U.S.C. § 3583(e)(3).

For the foregoing reasons, Mr. Davis respectfully requests, pursuant to Fed. R.Crim.P. 35(c), that the Court correct the sentence imposed on March 16, 1998, by removing the requirement that he be placed on 1 year of supervised release following his 2 year sentence.

Memorandum in Support of Davis' Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(c) at 3–4.

On April 28, 1998, the district court denied Davis' motion:

On March 20, the Defendant filed his Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(c). The Defendant argues that the Court erred in sentencing the Defendant to a term of supervised release following his release from imprisonment. According to the Defendant, because the Court sentenced him to two years of imprisonment, it was without authority to impose an additional year of supervised release under 18 U.S.C. § 3583(h). The Court disagrees. . . .

The crime to which the Defendant pleaded guilty is a Class C felony. 18 U.S.C. § 3583(b)(2) provides that a defendant convicted of a Class C felony may be sentenced to a term of supervised release of not more than three years. Accordingly, the Defendant was subject to a term of three years of supervised release at the time he was sentenced on his underlying criminal conviction for bank robbery. As noted above, he was in fact sentenced to a three-year term of supervised release.

18 U.S.C. § 3583(e)(3) allows the Court to revoke a term of supervised release and to sentence a defendant to serve all or part of the supervised release term in prison. For a defendant convicted of a Class C felony, the Court may not sentence him to more than two years in prison. 18 U.S.C. § 3583(e)(3). In this case, the Court sentenced the Defendant to the two-year maximum. In addition, 18 U.S.C. § 3583(h) provides that the Court may impose a term of supervised

release to follow his release from prison. Such term may not exceed the maximum allowable term of supervised release provided for the *substantive offense* of which the Defendant was convicted, less any term of imprisonment imposed upon revocation of the original term of supervised release. Defendant's new term of supervised release, one year, when added to his term of imprisonment, two years, equals, but does not exceed, the maximum allowable term of supervised release provided for the *substantive offense*, three years.

District Court's April 28, 1998 Decision and Entry Overruling Defendant's Motion for Correction of Sentence Pursuant to Fed.R.Crim.P. 35(c) at 2–3 (emphasis in original).

Davis filed his timely notice of appeal on April 29, 1998.

## II.

### *Standard of Review*

■ On appeal, Davis asserts that the district court violated 18 U.S.C. § 3583(h) by imposing a two-year term of imprisonment and a one-year term of supervised release following the revocation of his original term of supervised release. "A district court engages in statutory construction as a matter of law, and we review its conclusions *de novo.*" *United States v. Brown*, 915 F.2d 219, 223 (6th Cir.1990) (citations omitted).

### *Davis' Sentence Under 18 U.S.C. § 3583*

On appeal, Davis asserts that "[t]he district court erred when it imposed a new 1 year term of supervised release after it revoked the original term of supervision and imposed a maximum 2 year sentence of imprisonment for a Class C felony." Appellant's Brief at 5. Specifically, Davis asserts that the one-year term of supervised release violates 18 U.S.C. § 3583(h). *Id.* at 8. Davis therefore requests that we "vacate that portion of the district court's

sentence that imposed a new 1 year period of supervised release." *Id.*

In response, the United States agrees that we should vacate Davis' sentence and remand this action to district court for resentencing:

Since § 3583(h) provides that an additional term of supervised release may be imposed only if *less than* the maximum term of imprisonment authorized by § 3583(e)(3) (which is 2 years for a Class C felony) is imposed for violating the supervised release, the district court could not properly impose an additional term of supervised release in addition to the 2 year prison sentence.

... If the district court had sentenced Davis to "less than" (even if only by *one day*) the maximum term allowable under § 3583(e)(3) for violating the supervised release, the district court could have properly imposed an additional term of supervised release pursuant to § 3583(h). The length of such additional term of supervised release may not exceed the maximum term of supervised release authorized by statute ... for the offense (bank robbery) that resulted in the original term of supervised release, less any term of imprisonment that is imposed upon revocation of supervised release. The maximum term of supervised release authorized by § 3583(b) for a Class C felony is 3 years. Therefore, Davis could properly be sentenced to 2 years (less one day) in prison and an additional 1 year and a day of supervised release pursuant to § 3583(h).

Appellee's Brief at 9–10 (emphasis in original).

When Davis committed the underlying crime (bank robbery) in this action, 18 U.S.C. § 3583(e) set forth the sanctions available to a court if the conditions of supervised release were violated. On September 13, 1994, Congress enacted 18 U.S.C. § 3583(h). Section 3583(h) expressly provides that additional terms of supervised release may be imposed following revocation of the original term of su-

pervised release. In *United States v. Abbington*, 144 F.3d 1003 (6th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 344, —— L.Ed.2d —— (1998), this court held that sentencing a defendant—who was originally sentenced prior to the enactment of 18 U.S.C. § 3583(h)—to a second term of supervised release under section 3583(h) does not violate the Ex Post Facto clause of the United States Constitution because section 3583(h) does not alter a defendant's original punishment, it simply imposes punishment for new offenses (*i.e.*, violating the conditions of supervised release) committed after section 3583(h) was enacted.

■ In 1993, Davis was sentenced to a three-year term of supervised release to be served following a 52–month term of imprisonment. Three years was the maximum term of supervised release authorized by 18 U.S.C. § 3583(b)(2) for bank robbery, a Class C felony. Davis began serving his three-year term of supervised release on February 7, 1997. Following the revocation of his supervised release, the district court sentenced Davis to a two-year term of imprisonment, the maximum term of imprisonment available under section 3583(e)(3), and a one-year term of supervised release under section 3583(h). On appeal, both parties assert that the district court was not authorized to impose the one-year term of supervised release under these circumstances.

Under 18 U.S.C. § 3583(h), a court may impose a term of supervised release if and only if the defendant is sentenced to a term of imprisonment that is less than the maximum term allowed under section 3583(e)(3). *See* 18 U.S.C. § 3583(h) ("When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the of-

fense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.").

■ Because the district court sentenced Davis to the maximum term of imprisonment (two years) available under section 3583(e)(3), we agree with the position taken by both Davis and the United States that the one-year term of supervised release imposed by the district court violated 18 U.S.C. § 3583(h). Though Davis asks this court to "vacate [only] that portion of the district court's sentence that imposed a new one-year period of supervised release," Appellant's Brief at 8, the United States suggests that we vacate Davis' entire sentence and remand this action to district court "so that the district court can completely resentence Davis." Appellee's Brief at 25.

### III.

Because we agree with the United States' suggested remedy, we **VACATE** Davis' sentence and **REMAND** this action to district court for resentencing.