[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10379
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-06025-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEESHAN PETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Neeshan Peters appeals his sentence of 24 months' imprisonment and 12 months' supervised release, imposed after he violated the terms of his supervised release. We vacate and remand for resentencing.

Peters argues the sentence violates the *ex post facto* clause of the U.S. Constitution. He maintains the district court was required to apply the version of 18 U.S.C. § 3583(h) in effect at the time of his underlying criminal conduct, which permitted a sentencing court to impose a new term of supervised released only when the term of imprisonment imposed was less than the authorized maximum term of imprisonment.

Because Peters objects to the district court's application of the amended version of § 3583 for the first time on appeal, we apply plain-error review. *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). To satisfy the plain-error standard, we must find (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. *United States v. Olano*, 113 S. Ct. 1770, 1777–78 (1993). If these criteria are met, we may, in our discretion, correct the plain error if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 1779 (citation omitted).

The *ex post facto* clause "bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Johnson v. United States*, 120 S. Ct. 1795, 1800 (2000) (citation omitted). To prevail on the type of *ex post facto* claim raised by Peters, he "must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted." *Id.* Finally, because postrevocation penalties relate to the original offense, sentencing a defendant under a version of § 3583 amended after the original offense would constitute retroactive application of that section. *See id.* at 1801.

At the time of Peters's underlying offense, § 3583(h) provided:

(h) Supervised release following revocation. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment authorized under subsection (e)(3)*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (2001) (emphasis added). This section was amended in 2003 by striking the emphasized language. *See* 18 U.S.C. § 3583 (as amended by the

3

Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21 § 101(1), 117 Stat. 650).

The Government concedes the district court committed error by violating the *ex post facto* clause because (1) it applied the amended version of § 3583(h) where Peters' underlying offense was completed before the provision was amended; and (2) the application of the amended version raised the penalty by allowing the court to impose a term of supervised release where the maximum term of imprisonment was imposed. The Government acknowledges this error was plain and affected Peters' substantial rights but argues the sentence does not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." We disagree. Because the district court imposed a sentence that exceeded the sentence permitted under the applicable statute, we conclude the court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Accordingly, we vacate and remand for resentencing under the appropriate version of § 3583(h).

VACATED AND REMANDED.