**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0064n.06**
**Filed: January 23, 2006**

**Case No. 05-1068**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **v.** | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| **JOSEPH EDWARD BROWN,** | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH and BATCHELDER, Circuit Judges; OBERDORFER[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Joseph Brown appeals his sentence for

violation of supervised release. Brown argues that his sentence was unreasonable, and that his term

of supervised release was unauthorized. The government concedes error with respect to the second

issue. In 2000, Brown was sentenced to a fifty-four month prison term followed by three years of

supervised release. He left prison on June 24, 2004. Between September 22 and October 27 of the

same year, Brown violated the conditions of his supervised release by repeatedly using crack

cocaine, by failing to attend substance abuse counseling and by attempting to shoplift two bottles

of vodka from a state liquor store.

Brown was apprehended, and he pled guilty to five violations of his supervised release. The

---

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

district court sentenced Brown to twenty-four months in prison under 18 U.S.C. § 3583(e)(3) followed by twelve months of supervised release under 18 U.S.C. § 3583(h). At the time, twenty-four months was the maximum prison term available under 18 U.S.C. § 3583(e)(3). Brown did not object to the sentence and did not request resentencing.

1.      Brown's sentence of imprisonment is not plainly unreasonable.

This Court will affirm a district court's sentence of imprisonment upon revocation of supervised release if the sentence shows consideration of the statutory factors enumerated in 18 U.S.C. § 3553 and is not "plainly unreasonable."[1]  *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).  The transcript of Brown's sentencing hearing indicates that the district court took several  of the 18 U.S.C. § 3553 factors into consideration.  In addition to noting the recommended Guidelines range, the court considered Brown's drug addition, his state parole violations, his attempt to find a job, and the lack of a suitable residential drug treatment program in the area.

Having determined that the district court appropriately considered the relevant statutory factors, we must next decide whether Brown's sentence was "plainly unreasonable."  Although Brown's sentence exceeded the recommended Guidelines range by six months, U.S.S.G. § 7B1.4(a), which establishes the range applicable to violations of supervised release, is merely an advisory statement of policy.  Sixth Circuit precedent has established that sentences outside of the Guidelines range are not *per se* unreasonable.  In *United States v. West*, the Sixth Circuit approved a sentence of two years' imprisonment where the applicable Guidelines range was three to nine months.  59 F.3d 32, 36 (6th Cir. 1995).  Similarly, in *United States v. Johnson*, the court held that a sentence

---

[1]We need not consider whether *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), requires the court to apply a reasonableness standard instead of a plainly unreasonable standard.  *See United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005) (declining to decide whether *Booker* changed the standard of review from plainly unreasonable to reasonableness).  Under either standard, we would vacate the district court's sentence.

of eighteen months' imprisonment followed by eighteen months of supervised release was not unreasonable even though the applicable Guidelines range called for four to ten months' imprisonment. 403 F.3d 813, 814 (6th Cir. 2005). Because the district court's prison sentence reflects both the seriousness of Brown's offenses and his need for drug rehabilitation, we find that it is not plainly unreasonable. We therefore AFFIRM the sentence of imprisonment.

2.      The district court erred in imposing an additional term of supervised release

At the time of Brown's conviction, 18 U.S.C. § 3583(h) provided:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

After Brown's conviction, but prior to sentencing for his violation of supervised release, Congress amended 18 U.S.C. § 3583(h) by striking the words, "that is less than the maximum term of imprisonment authorized under subsection (e)(3)." *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, §101 (2003).

Both Brown and the government agree that the district court's imposition of supervised release following the maximum twenty-four month prison term was impermissible; however, the parties reach their respective conclusions by separate routes. Brown asserts that his sentence violates the Ex Post Facto Clause of the United States Constitution, and the government asserts that it contravenes this court's decision in *United States v. Davis*, 187 F.3d 528 (6th Cir. 1998).

We first address Brown's ex post facto claim. In *Johnson v. United States*, the Supreme

3

Court addressed a similar question. 529 U.S. 694, 701 (2000). It refused to find a violation of the Ex Post Facto Clause where the appellant could not show that Congress intended a prior version of § 3583(h) to apply retroactively. *Id*. The Court wrote, "[a]bsent a clear statement of that intent, we do not give retroactive effect to statutes burdening private interests." *Id*. Because the amendment and its legislative history were silent on the issue of retroactive application, the Court applied its "long-standing presumption" that the amendment applied only to cases arising after its effective date. *Id*. at 702.

The instant case is analogous. The amendment of § 3583(h) noted by Brown was enacted after the date of his original conviction. The amendment does not contain an alternative effective date, and neither the public law nor the legislative history comment on retroactive application of the amendment. Under *Johnson*, we must presume that Congress did not want courts to apply the amendment retroactively. Furthermore, the record does not reflect that the district court believed it was imposing the new term of supervised release under the amended statute; indeed, the court made no reference to any statute when it imposed the new term of supervised release, but imposed it in an apparent effort to provide some assistance to the defendant. We conclude, therefore, that there has been no violation of the Ex Post Facto clause.

We now turn to the government's assertion that Brown's sentence contravenes this court's decision in *United States v. Davis*. In that case, as in this, the district court imposed the maximum sentence allowable for violation of supervised release, followed by an additional term of supervised release. *Id*. at 530. We found the sentence to be clear error under the plain language of 18 U.S.C. §3583(h) because that section permits imposition of supervised release only where the district court imposes less than the maximum prison term. *Id*. at 533. In this case, the district court sentenced

4

Brown to the maximum prison term.  As a result, its imposition of supervised release was in error.

Accordingly, we **VACATE** the sentence and **REMAND** the case for resentencing.