# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-30426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFERY THOMAS, III,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Jeffery Thomas, III, pleaded guilty to possession of a firearm by a convicted felon, and, on April 23, 2003, the district court sentenced him to 46 months of imprisonment and three years of supervised release. Following the service of his term of imprisonment, the district court revoked Thomas's supervised release, and it sentenced him to 24 months of imprisonment and one year of supervised release. Following Thomas's second release, the district court again revoked his supervised release, and it sentenced him to an additional 24-month term of imprisonment. Thomas appeals the sentence imposed following the second revocation of his supervised release.

Thomas argues that the district court violated the Ex Post Facto Clause by applying the PROTECT Act amendment to 18 U.S.C. § 3583(e)(3) in his case because his initial offense, conviction, and sentence all occurred before the enactment of the PROTECT Act. *See* PROTECT Act, Pub. L. No. 108-21 § 101, 117 Stat. 650, 651. He maintains that under the pre-PROTECT Act version of § 3583(e)(3), he could only be sentenced to a cumulative total of 24 months of imprisonment on all revocations of his supervised release because his original conviction was for a Class C felony. Due to the prior sentence of 24 months of imprisonment that he served upon the first revocation of his supervised release, he maintains that the present sentence of 24 months of imprisonment exceedes the statutory maximum. While Thomas maintains that he properly preserved his argument in the district court, he contends that even if he failed to preserve the issue, the imposition of a sentence exceeding the statutory maximum constitutes plain error. The Government concedes that the sentence exceeded the statutory maximum, and it joins Thomas's request that the sentence be vacated.

While Thomas argued in the district court that he could not be sentenced to a further term of imprisonment because he had served 24 months of imprisonment upon the first revocation of his supervised release, he did not raise the Ex Post Facto Clause argument that he raises on appeal. Nevertheless, "because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error," we review this issue de novo. *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (internal quotation marks and citation omitted).

Thomas's original conviction was for possession of a firearm by a convicted felon. The statutory maximum sentence for that offense was ten years of imprisonment thereby making the offense a Class C felony. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3). Accordingly, the statutory maximum sentence of imprisonment that the district court could impose upon the revocation of

2

Thomas's supervised release was 24 months of imprisonment. 18 U.S.C. § 3583(e)(3). Prior to the PROTECT Act amendment to § 3583(e)(3), the 24-month maximum sentence that could be imposed for the revocation of supervised release following a conviction for a Class C felony was a cumulative maximum sentence that could be imposed for all revocations of supervised release. *United States v. Jackson*, 329 F.3d 406, 407-08 (5th Cir. 2003). The PROTECT Act, which went into effect on April 30, 2003, modified § 3583(e)(3) to provide that the statutory maximum sentence that could be imposed upon the revocation of supervised release applies upon "any such revocation," and courts have interpreted this language to mean that the statutory maximum sentence was no longer cumulative. *See Vera*, 542 F.3d at 461 n.2 (citation omitted); *United States v. Lewis*, 519 F.3d 822, 824-25 (8th Cir.) (citations omitted), *cert. denied*, 129 S. Ct. 166 (2008); *see also* PROTECT Act, Pub. L. No. 108-21 § 101, 117 Stat. 650, 651.

The PROTECT Act went into effect on April 30, 2003, after Thomas's initial offense, conviction, and sentencing. *See, e.g.*, *Lewis*, 519 F.3d at 824. "Since postrevocation penalties relate to the original offense," to apply the post-PROTECT Act version of § 3583(e)(3) to Thomas "would be to apply this section retroactively (and to raise the remaining *ex post facto* question, whether that application makes him worse off)." *Johnson v. United States*, 529 U.S. 694, 701 (2000). Prior to examining the Ex Post Facto Clause issue, however, we must first determine whether Congress intended the PROTECT Act amendment to § 3583(e)(3) to apply retroactively. *See id.* Barring a clear statement of intent for a statute to apply retroactively, statutes are not given retroactive effect. *Id.*

Although this court has not considered whether the PROTECT Act amendments to § 3583(e)(3) apply retroactively, *see United States v. Vera*, 542 F.3d 457, 461 n.2 (5th Cir. 2008), the First Circuit has held that nothing in the PROTECT Act "as it concerns § 3583(e)(3) suggests an effort to apply this amendment retroactively." *United States v. Tapia-Escalera*, 356 F.3d 181, 188

3

(1st Cir. 2004). Furthermore, the Eight Circuit has also refused to apply the PROTECT Act amendment to § 3583(e)(3) retroactively. *United States v. Hergott*, 562 F.3d 968, 970 (8th Cir. 2009) (remanding for resentencing because the appellant's sentence violated the pre-PROTECT Act statutory maximum under § 3583(e)(3)). Similarly, courts have also held that the PROTECT Act amendment to § 3583(h) does not apply retroactively. *See United States v. Brown*, 163 F. App'x 370, 373 (6th Cir. 2006); *United States v. Peters*, 147 F. App'x 836, 837-38 (11th Cir. 2005). The reasoning in the decisions of our sister circuits appears sound, and, accordingly, we accept the Government's concession that the PROTECT Act amendment to § 3583(e)(3) does not apply retroactively.

Thomas served 24 months of imprisonment upon the first revocation of his supervised release, and, therefore, could not be sentenced to a further term of imprisonment upon the second revocation of his supervised release under the version of § 3583(e)(3) applicable to him.[1] *See United States v. Jackson*, 329 F.3d 406, 407-08 (5th Cir. 2003). Accordingly, the judgement of the district court is vacated, and the case is remanded to the district court with the instruction that Thomas be discharged from custody.

VACATED AND REMANDED.

---

[1] The reason that Thomas was serving a term of supervised release that could not be revoked was the district court's erroneous application of the post-PROTECT Act version of § 3583(h) upon the first revocation of Thomas's supervised release. *See Brown*, 163 F. App'x at 372-73; *Peters*, 147 F. App'x at 837-38.