# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2014

No. 12-10840

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff– Appellee

v.

TOMMIE RAYMOND THOMAS,

Defendant– Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CR-61-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tommie Raymond Thomas, federal prisoner # 33447-018, appeals the district court's revocation of his eight terms of supervised release and the resulting sentence of 120 months in prison and a three-year term of supervised release.  For the following reasons, we AFFIRM.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Thomas's record excerpts include several items that were not filed in the district court. "We will not ordinarily enlarge the record on appeal to include material not before the district court." *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010).  Consequently, insofar as Thomas's filings may be read as including an implied motion to supplement the record with these items, it is DENIED.

Claims of ineffective assistance of counsel generally "cannot be resolved on direct appeal when the claim[s have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Thomas's ineffective assistance of counsel claims are not ripe for review because the record is insufficiently developed to allow consideration at this time, thus, we decline to consider these claims. To the extent that Thomas raises a substantive claim concerning the district court's personal jurisdiction over him, Thomas waived this argument by raising it for the first time in his reply brief. *See Carmona v. S.W. Airlines Co.*, 536 F.3d 344, 347 n.5 (5th Cir. 2008) (holding that the appellant waived his right to appeal an issue because he raised it for the first time in his reply brief); *United States v. Muhammad*, 165 F.3d 327, 330 (5th Cir. 1999) (personal, but not subject matter, jurisdiction can be waived). Additionally, to the extent that Thomas's jurisdictional challenge concerns the district court's subject matter jurisdiction, his argument is unavailing in light of this circuit's precedent. *See United States v. Fernandez*, 379 F.3d 270, 272-73 (5th Cir. 2004) (affirming revocation of the appellant's supervised release by the Northern District of Texas, which accepted jurisdiction over the appellant from the Western District of Texas, even though one of the bases for the revocation was a new offense that the appellant had committed in the Northern District of Texas before the transfer). *See also* 18 U.S.C. § 3605.

Thomas raises several sentencing challenges, none of which was presented to the district court. Although this typically results in the application of the plain error standard, we nonetheless review de novo those claims that raise the issue whether his sentence was illegal. *See United States v. Thomas*, 600 F.3d 387, 388 (5th Cir. 2010).

First, Thomas argues that his consecutive sentences are improper because the version of 18 U.S.C. § 3583(e) in effect at the time of his offense limited the

prison term that could be imposed upon revocation to 36 months. Thomas is mistaken under our prior jurisprudence. Calculation of a prison term is based on each individual offense; there is no cap on the total sentence that is derived from aggregating prison term sentences on multiple counts. *See United States v. Gonzalez*, 250 F.3d 923, 927–28 (5th Cir. 2001). Thomas's argument concerning § 3583(h) is similarly unavailing because the cases he cites in support of this argument addressed multiple revocations of a single term of supervised release, rather than the revocation of multiple terms of supervised release, as is the case here. *See U.S. v. Zoran*, 682 F.3d 1060, 1064 (8th Cir. 2012).

The remainder of Thomas's challenges to his sentence are considered for plain error only. Relief is unavailable under this standard unless he shows a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct a plain error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

To the extent that Thomas contends that his sentence was improperly grounded in the need for just punishment and the seriousness of the offense, the record rebuts this assertion and shows that the sentence imposed was grounded in the district court's consideration of the nature and circumstances of Thomas's offenses, his history, and the court's belief that the public needed to be protected from him. These are proper bases for a revocation sentence. *See* 18 U.S.C. §§ 3553(a)(1) & (a)(2)(C); 18 U.S.C. § 3583(e); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).

Thomas has not shown that the district court plainly erred by choosing to impose several of his terms of imprisonment to run consecutively. *See Gonzalez,* 250 F.3d at 927–29. Insofar as Thomas argues that his sentence creates unwarranted disparities, he cites no instances of similarly situated defendants who received different sentences, and there is no reason to believe that the district court ignored this factor. *See id.* at 930. Finally, Thomas has not shown

No. 12-10840

plain error in connection with the district court's classification of certain conduct as a Grade B violation of his release.  *See* 47 U.S.C. § 223; U.S.S.G. § 7B1.1(a)(2).

The judgment of the district court is AFFIRMED.