# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40481
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK OCHOA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1824-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Erick Ochoa-Rodriguez was convicted of one charge of conspiring to possess with intent to distribute 175 kilograms of marijuana and one charge of possessing 25 kilograms of marijuana with intent to distribute. He was sentenced to serve two concurrent 115-month prison terms as well as two concurrent four-year terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40481

In his first appellate claim, Ochoa-Rodriguez argues that the district court abused its discretion by admitting evidence at trial pursuant to Federal Rule of Evidence 404(b).  He contends that the disputed evidence should not have been admitted because it was of limited probative value and was unduly prejudicial.  We disagree.

We review the admission of Rule 404(b) evidence in a criminal case under a heightened abuse of discretion standard.  *United States v. Olguin*, 643 F.3d 384, 389 (5th Cir. 2011).  We have set forth a two-part test to determine whether evidence is admissible under Rule 404(b).  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  "First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character."  *Id.*  "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403."  *Id.*  Application of this analysis shows no abuse of discretion in connection with the challenged ruling.  *See Olguin*, 643 F.3d at 389.

The instant case is similar to *United States v. Hernandez-Guevara*, 162 F.3d 863 (5th Cir. 1998).  Both cases involve a defendant who argued that he had not committed the crime alleged and was simply in the wrong place at the wrong time.  Too, both cases involve the admission of Rule 404(b) evidence pertaining to the defendant's prior bad acts, which were similar to the charges alleged at trial.

In *Hernandez-Guevara*, we concluded that the disputed evidence was "relevant to [Hernandez-Guevara's] intent and the absence of mistake or accident."  162 F.3d at 871.  This was because "[e]vidence that Hernandez had, on past occasions, smuggled aliens with a guilty intent makes it more likely that he was not innocently" running errands when he was arrested near a van

transporting illegal aliens. *Id.* The same logic applies with equal force in the instant case, and evidence showing that Ochoa-Rodriguez had previously been involved with marijuana trafficking "makes it more likely that he was not innocently" going for a walk or run when he was found and arrested near the area where a marijuana-laden car was abandoned. *See id.* Consequently, we conclude that the challenged evidence was relevant to issues other than Ochoa-Rodriguez's character. *See id*; *Beechum*, 582 F.2d at 911.

This is not, however, the end of the analysis, and prejudice must still be considered. *See Beechum*, 582 F.2d at 911. When making a decision on whether the probative value of extrinsic evidence outweighs its potential prejudice, we consider "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

Consideration of these factors supports the district court's decision to admit the questioned evidence. An examination of the trial transcript shows that this evidence was needed to show intent and lack of mistake or accident. *See id.*; *see also Hernandez-Guevara*, 162 F.3d at 871. The challenged evidence pertained to acts that were similar to the charged offense. *See Beechum*, 582 F.2d at 911; *Kinchen,* 729 F.3d at 474; *United States v. Gadison*, 8 F.3d 186, 192-93 (5th Cir. 1993). We note, too, that the challenged evidence was not so outrageous as to inflame the jury. *See United States v. Yi*, 460 F.3d 623, 633 (5th Cir. 2006); *see also Hernandez-Guevara*, 162 F.3d at 872.

The acts related to the challenged evidence were temporally proximate to the acts underlying the charges against Ochoa-Rodriguez. *See Beechum*, 582 F.2d at 911. Finally, the court instructed the jury as to the limited use of the Rule 404(b) evidence both when it was admitted and when it charged the jury

before deliberations. *See Beechum*, 582 F.2d at 911. The district court did not abuse its discretion by admitting evidence pursuant to Rule 404(b). *See Olguin*, 643 F.3d at 389.

Next, Ochoa-Rodriguez argues that the district court erred by concluding that he was a leader or organizer for sentencing purposes. We review this claim for clear error. *United States v. Scroggins*, 485 F.3d 824, 834 (5th Cir. 2007). Our review of the record shows that this standard has not been met, as the district court was presented with evidence sufficient to support its finding that Ochoa-Rodriguez "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *See* U.S.S.G. § 3B1.1(a).

Finally, we agree with Ochoa-Rodriguez's contention that he received an illegal sentence with respect to the distribution charge. The district court commits plain error when it imposes a sentence in excess of the statutory maximum. *United States v. Thomas*, 600 F.3d 387, 388 (5th Cir. 2010). One who, like Ochoa-Rodriguez, is convicted of possessing less than 50 kilograms of marijuana with intent to distribute may be sentenced to serve no more than five years in prison and three years on supervised release. 21 U.S.C. § 841(a)(1), (b)(1)(D); *United States v. Garcia*, 242 F.3d 593, 600 (5th Cir. 2001). Consequently, the district court plainly erred by imposing a sentence of 115 months in prison and a four-year term of supervised release with respect to the possession charge. *See Thomas*, 600 F.3d at 388. Ochoa-Rodriguez's sentence on the possession charge is vacated, and this case is remanded for resentencing on that charge only.

Additionally, the judgment shows that Ochoa-Rodriguez was convicted of "Possession with intent to distribute 100 kilograms or more, that is, approximately 175 kilograms of marijuana." This is erroneous because the

No. 13-40481

jury found that this charge involved 25 kilograms, or less than 50 kilograms, of marijuana. We may remand a case to the district court with instructions to correct clerical errors in judgments. *See* FED. R. CRIM. P. 36; *United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003). Consequently, we also remand with an instruction for the district court to correct this apparent clerical error in the judgment.

CONVICTIONS AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR RESENTENCING IN PART AND FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.