# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50957
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERNON TYRELL WALKER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-187-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vernon Tyrell Walker appeals the sentence imposed following the revocation of a previously imposed term of supervised release. He first argues that the district court procedurally erred by failing to calculate the applicable guidelines range and by failing to consider the sentencing factors of 18 U.S.C. § 3553(a). As Walker concedes, because he did not object in the district court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50957

plain error review applies. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

The record on appeal does not show that the district court calculated the guidelines range or explicitly considered the § 3553(a) factors. However, we conclude that Walker has not shown that any error affected his substantial rights. In his appellate brief, Walker calculated the applicable guidelines range as 8 to 14 months of imprisonment, which is consistent with the sentencing range that the Government asserts was considered by the district court. Walker's sentence of 12 months of imprisonment was within this range. In addition, because the district court heard and considered the statements of Walker and his counsel, we conclude that Walker has not demonstrated a reasonable probability that an explicit discussion of the relevant § 3553(a) factors or additional explanation of the sentencing decision would have resulted in a lesser sentence. *See United States v. Culbertson,* 712 F.3d 235, 243 (5th Cir. 2013).

Walker also argues that the additional sentence of supervised release imposed constituted an ambiguous or illegal sentence. We review a claim of an illegal sentence de novo, even if the defendant failed to object in the district court. *See United States v. Thomas,* 600 F.3d 387, 388 (5th Cir. 2010). After imposing a 12-month sentence of imprisonment, the district court ordered that Walker serve an additional supervised release term of 24 months or "whatever amount of time is unused." We agree with the parties that this could be interpreted as imposing as much as 29.5 months of supervised release, which would result in an illegal sentence. *See* 18 U.S.C. § 3583(h). Therefore, we VACATE the sentence in part and REMAND to the district court with instructions to modify the judgment to reflect that Walker is sentenced to 24 months of supervised release.