# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 21-30759
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Lawrence,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CR-68-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Pursuant to a written plea agreement, Jonathan Lawrence pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and a quantity of a mixture or substance containing a detectable

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

amount of fentanyl (Count One), conspiracy to possess firearms in furtherance of a drug trafficking crime (Count Two), and discharge of a firearm in a school zone (Count Nine). On appeal, Lawrence asserts that the 324-month term of imprisonment imposed on Count Two is illegal because it exceeds the 240-month statutory maximum. He also contends that the district court erred in applying the four-level enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader. The Government has filed an opposed motion to dismiss Lawrence's appeal based on the plea agreement's appeal waiver except to correct his sentence on Count Two. Alternatively, the Government moves for an extension of time to file its brief.

Lawrence's statutory-maximum assertion is not barred by the appeal waiver because he reserved the right to "bring a direct appeal of any sentence imposed in excess of the statutory maximum." Although Lawrence raises this assertion for the first time on appeal, "because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, we review this issue de novo." *United States v. Thomas*, 600 F.3d 387, 388 (5th Cir. 2010) (internal quotation marks and citation omitted). Lawrence's 324-month sentence exceeds the statutory maximum of 240 months for Count Two. *See* 18 U.S.C. § 924(o). Accordingly, we vacate Lawrence's sentence on Count Two and remand for resentencing as to this count. *See Thomas*, 600 F.3d at 389; *United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008).

As to Lawrence's challenge to the § 3B1.1(a) enhancement, we review de novo whether an appeal waiver bars an appeal. *See United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011). The record reflects that Lawrence's appeal waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). In addition, the language of the appeal waiver applies to Lawrence's § 3B1.1(a) argument. *See Jacobs*, 635 F.3d at 781. Lawrence's assertion that, because the term of imprisonment on Count

No. 21-30759

Two exceeded the statutory maximum, the appeal wavier is not enforceable as to all issues is unavailing. Thus, the Government's motion to dismiss the appeal in part is granted, and the appeal is dismissed as to this issue.

MOTION TO DISMISS APPEAL IN PART GRANTED; MOTION TO CORRECT SENTENCE DENIED; ALTERNATIVE MOTION FOR AN EXTENSION OF TIME DENIED; APPEAL DISMISSED IN PART; SENTENCE VACATED IN PART; REMANDED.