# United States Court of Appeals for the Fifth Circuit

No. 22-40139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gabriel Amador,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-738-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

In 2009, a jury convicted Gabriel Amador of conspiracy to possess with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine (Count 1) and possession of a firearm by a felon (Count 2). The district court sentenced him to 360 months' imprisonment on Count 1 and 240 months' imprisonment on Count 2 to be

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

served concurrently. The court also imposed five years of supervised release, consisting of concurrent terms of five years on Count 1 and three years on Count 2. Amador now appeals his sentence.

Although Amador's appeal is untimely under Federal Rule of Appellate Procedure 4(b), the Government has affirmatively waived the rule's timeliness requirements. As this requirement is not jurisdictional, *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007), and the Government has no objection, we consider Amador's appeal. *See United States v. Dickerson*, 909 F.3d 118, 124 & n.3 (5th Cir. 2018).

Amador first challenges his 240-month prison sentence on Count 2 for possession of a firearm by a felon as an illegal sentence. We review this claim de novo even where, as here, the defendant did not object to his sentence. *United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014). At the time of his offense, conviction, and sentencing, the maximum statutory sentence for possession of a firearm by a felon was 120 months. *See* 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2) (2006). Accordingly, the district court's imposition of 240 months for the offense exceeds the statutory maximum and is illegal. *See United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000).

The district court amended its judgment in January 2021 to reduce Amador's sentence on Count 2 to 120 months after Probation alerted the court to the error. But the district court lacked authority to enter such a judgment so long after sentencing. *See* 18 U.S.C. § 3582(c); FED. R. CRIM. P. 35(a) (authorizing a correction for clear error within 14 days after sentencing). Thus we vacate Amador's 240-month prison sentence on Count 2 and remand for resentencing within the statutory maximum. *See* 18 U.S.C. § 3742(f)(1); *see also United States v. Thomas*, 600 F.3d 387, 389 (5th Cir. 2010); *United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008).

Next, Amador challenges the three special conditions of supervised release in the written judgment, entitled "Psychiatric Treatment," "Nighttime Restriction," and "Gang Prohibition," as imposing additional burdens that were not fully pronounced at sentencing. We disagree. Following his conviction, the district court gave Amador a list of possible conditions, including the three challenged here and specifically instructed counsel to review this list with Amador before sentencing. The conditions in the court's list are virtually identical to those in the written judgment. At sentencing, the district court orally made shorthand references to these special conditions. Because Amador had notice and an opportunity to object to these conditions and because he failed to do so, we review their imposition for plain error. *See United States v. Grogan*, 977 F.3d 348, 352–53 (5th Cir. 2020).

To establish plain error, Amador must first show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). A district court must orally pronounce the sentence. But a district court need not recite each condition verbatim. *Grogan*, 977 F.3d at 352. As we explained in *Grogan*, the district court's "shorthand reference" to the full conditions set forth in the document the court gave Amador before sentencing is sufficient to announce a condition. *See id.* at 353–54. We hold that Amador fails to show any plain error in the imposition of the challenged special conditions.

We VACATE the prison sentence imposed for Count 2 and REMAND for resentencing within the statutory maximum on that count. In all other respects, the judgment of the district court is AFFIRMED.