**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50078 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00864-MRH-1 |
| v. | |
| TERRY LEE STEWARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Hogan, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Steward was convicted of four counts of threatening a federal judge, in

violation of 18 U.S.C. § 115(a)(1)(B). Steward claims that his statements did not

constitute a true threat; that the district court should have disqualified his counsel

and substituted new counsel; that the district court erred in admitting unduly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

prejudicial evidence; that the district court failed to make the proper findings at sentencing to require psychotropic medication as a condition of supervised release; that the supervised release condition that Steward be placed in a residential reentry center was not reasonably related to the 18 U.S.C. § 3553 factors; and that Steward's term of supervised release should be reduced for excess time served in custody. We affirm.

Because Steward moved for acquittal at trial, we review *de novo* the sufficiency of the evidence. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). If there is sufficient evidence to support the verdict, we review *de novo* whether the communication at issue constitutes a "true threat." *Id*. at 1015; *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1070 (9th Cir. 2002). The constitutionally required true threat analysis calls for a subjective test, which requires proof "that the speaker subjectively intended the speech as a threat." *Stewart*, 420 F.3d at 1017 (internal citation and quotations omitted); *see United States v. Bagdasarian*, 652 F.3d 1113, 1117 (9th Cir. 2011) (subjective test "must be read into all threat statutes that criminalize pure speech"). The evidence was sufficient to establish the elements of the statutory violation, *see Stewart*, 420 F.3d at 1015, and to establish that Steward's statements constitute a "true threat."

We review for abuse of discretion a district court's refusal to substitute counsel. *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2004). Steward argues that the district court should have substituted new counsel because of his counsel's relationships with the judges threatened, and that conflict with his counsel may have interfered with representation. Nothing in the record indicates "a complete breakdown in communication and a consequent inability to present a defense." *Id*. (internal citation omitted). There was no abuse of discretion. *See Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

We review for "abuse of discretion a district court's admission of evidence" and its "decision that the probative value of evidence exceeds its potential for unfair prejudice." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (internal citation omitted). We review for plain error, however, when specific objection to the evidence was not made at trial. *United States v. Graf*, 610 F.3d 1148, 1164 (9th Cir. 2010). "Alleged threats should be considered in light of their entire factual context, including the surrounding events and reaction of the listeners." *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990), overruled in part on other grounds by *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002). That context here includes images on the website visited by one of the

3

judges and the sword in one of those images. The district court did not abuse its discretion as to the sword or commit plain error as to the webpages.

We review a district court's decision to impose a condition of supervised release for abuse of discretion. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). We review *de novo* whether a district court's statement of reasons for the sentence it imposed is adequate. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). The district court imposed the requirement that Steward take psychotropic medication as a condition of supervised release based on a sufficient, medically-informed record. *United States v. Williams*, 356 F.3d 1045, 1056 (9th Cir. 2004). The district court failed at sentencing to make the required findings for a condition that implicates such a particularly significant liberty interest, *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008), but it cured this error with subsequent written findings. *See* Fed. R. Crim. P. 35(a). Neither the medication condition nor the related requirement that Steward be placed in a residential reentry center constitutes abuse of discretion.

We review *de novo* the district court's application of the supervised release statute. *United States v. Anderson*, 519 F.3d 1021, 1022 (9th Cir. 2008). "The term of supervised release commences on the day the person is released from imprisonment . . . [and] does not run during any period in which the person is

4

imprisoned." 18 U.S.C. § 3624(e). The terms of imprisonment and of supervised release are not interchangeable. *United States v. Johnson*, 529 U.S. 53, 58-59 (2000). Even if a defendant has served longer than his lawful sentence, the term of supervised release does not begin until his release. *Id*. at 58.

**AFFIRMED.**