**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

JIMMY ANDERSON,
       *Defendant-Appellant.*

No. 07-50145

D.C. No.
CR-89-00670-DSF-01

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
March 5, 2008—Pasadena, California

Filed March 25, 2008

Before: John R. Gibson,* Diarmuid F. O'Scannlain, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

**COUNSEL**

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Terri K. Flynn and Nancy B. Spiegel, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

GRABER, Circuit Judge:

Defendant Jimmy Anderson appeals the district court's imposition of a 3-year term of supervised release after revocation of a 90-day term of supervised release. Defendant argues that the court's authority to reimpose a term of supervised

release under 18 U.S.C. § 3583(e) (1993)[1] was limited to the duration of the revoked term. We review de novo a district court's application of the supervised release statute, *United States v. Cade*, 236 F.3d 463, 465 (9th Cir. 2000), and affirm.

In 1989, Defendant pleaded guilty to armed robbery in violation of 18 U.S.C. § 2113. The district court sentenced Defendant to 63 months' imprisonment plus a 5-year term of supervised release, the maximum term of supervised release authorized under 18 U.S.C. § 3583(b)(1). The district court revoked the supervised release when Defendant violated its terms and sentenced Defendant to 6 months' imprisonment plus a 3-year term of supervised release. After being released from prison, Defendant again violated the terms of his supervised release, and the district court sentenced Defendant to 7 months' imprisonment and a 3-month term of supervised release. Defendant once again violated the terms of his supervised release. On this third occasion, the court sentenced Defendant to 89 days' imprisonment and a 3-year term of supervised release. Defendant timely appeals the 3-year term of supervised release.

His argument on appeal is that the district court erred because, under 18 U.S.C. § 3583(e), the court was limited to the term of supervised release that it revoked minus any time in custody. In other words, according to Defendant, because the court revoked a 3-month term of supervised release and sentenced Defendant to 89 days' imprisonment, the maximum term of supervised release that the court could have imposed was a term of one day. We disagree.

Under the Sentencing Reform Act of 1984, a district court's authority to revoke a term of supervised release was governed

---

[1]All references to 18 U.S.C. § 3583 in this opinion are to the statute in effect before Congress amended it with the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 1831, 2016-17, 2130-31.

by 18 U.S.C. § 3583(e)(3), which authorized a district court to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." The statute did not explicitly authorize postrevocation supervised release. In 1994, Congress amended the supervised release statute and gave district courts the authority to order postrevocation supervised release under 18 U.S.C. § 3583(h). But courts "attribute postrevocation penalties to the original conviction." *Johnson v. United States*, 529 U.S. 694, 701 (2000). Consequently, where, as here, a defendant's conviction occurred before the 1994 amendment, the district court's authority to impose postrevocation penalties is governed by the pre-amendment version of § 3583. *See id.* at 702 (holding that § 3583(h) was not retroactive).

In *Johnson*, 529 U.S. at 713, the Supreme Court held that, "in applying the law as before the enactment of subsection (h), district courts have the authority to order terms of supervised release following reimprisonment." The Court reasoned:

> Prisoners may, of course, vary in the degree of help needed for successful reintegration. Supervised release departed from the parole system it replaced by giving district courts the freedom to provide postrelease supervision for those, and only those, who needed it. Congress aimed, then, to use the district courts' discretionary judgment to allocate supervision to those releasees who needed it most. But forbidding the reimposition of supervised release after revocation and reimprisonment would be fundamentally contrary to that scheme. A violation of the terms of supervised release tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed. He is

the problem case among problem cases, and a Congress asserting that "every releasee who does need supervision will receive it," seems very unlikely to have meant to compel the courts to wash their hands of the worst cases at the end of reimprisonment.

*Id.* at 709-10 (citations omitted).

**[1]** *Johnson* thus held that a district court can impose a term of supervised release following postrevocation reimprisonment. Since *Johnson*, we have not addressed whether, and to what extent, a court is limited in doing so, particularly where, as here, a court revokes a defendant's supervised release several times.

**[2]** Section 3583(e)(3) authorizes a district court to "revoke *a* term of supervised release, and require the person to serve in prison all or part of *the* term of supervised release without credit for time previously served on postrelease supervision." (Emphasis added.) The text of § 3583(e)(3) thus implies that a court is limited in imposing postrevocation penalties by the term of supervised release being revoked. But that interpretation would run counter to *Johnson*'s holding that postrevocation penalties are "attribute[d] . . . to the *original conviction*." 529 U.S. at 701 (emphasis added). Although *Johnson* did not involve repeated revocations of supervised release, we hold that, under *Johnson*, "original" means "original"**²** — postrevocation penalties are limited to the term of supervised release imposed as part of a defendant's sentence at conviction. In so holding, we agree with the Seventh Circuit that, "according to *Johnson*, a district court may, upon revoking a term of supervised release under § 3583(e)(3), sentence a defendant to serve a combined term of reimprisonment and additional supervised release, so long as that sentence does

---

**²**See Webster's Third New International Dictionary 1591 (unabridged ed. 1993) (defining "original" as "the source or cause from which something arises").

not exceed the original term of supervised release." *United States v. Russell*, 340 F.3d 450, 454 (7th Cir. 2003).

The rationale of *Johnson* supports cabining a district court's authority by the original term of supervised release. As *Johnson* explained, a defendant who violates the terms of supervised release confirms the district court's judgment that the defendant needs additional assistance to reintegrate into society, and Congress intended § 3583(e)(3) to allow a district court to use its discretionary judgment to allocate supervision to those releasees who need it most. Just as Congress was unlikely to have meant to compel courts to wash their hands of the worst cases at the end of reimprisonment, *Johnson*, 529 U.S. at 709-10, Congress also was unlikely to have intended to limit a district court's ability to supervise those defendants by a term of supervised release divorced from their original convictions, *see id.* at 700 (describing "postrevocation sanctions as part of the penalty for the initial offense").

Defendant points to *Johnson*'s discussion of the "balance" remaining on a revoked term of supervised release to argue that a postrevocation term of supervised release cannot exceed the term that preceded it. He takes this term out of context. *Johnson* stated:

> As it was written before the 1994 amendments, subsection (3) did not provide (as it now does) that the court could revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release. It provided, rather, that the court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . ." So far as the text is concerned, it is not a "term of imprisonment" that is to be served, but all or part of "the term of supervised release." But if "the term of supervised release" is being served, in whole or part, in prison, then *something about the term of*

*supervised release survives the preceding order of revocation.* While this sounds very metaphysical, the metaphysics make one thing clear: unlike a "terminated" order of supervised release, one that is "revoked" continues to have some effect. And since it continues in some sense after revocation even when part of it is served in prison, why can the balance of it not remain effective as a term of supervised release when the reincarceration is over?

529 U.S. at 705-06 (emphasis added). Examined in full, the passage cuts against Defendant. The balance remaining after revocation is not just of any preceding term of supervised release, but the term of supervised release discussed in § 3583(e)(3), which the Court identified as "the term of supervised release originally imposed." *Id.* at 712.

**[3]** Finally, in situations involving numerous revocations, a district court also is limited by the amount of postrevocation time a defendant has spent in custody. The supervised release statute authorizes a district court to order a defendant "to serve in prison all or part of the term of supervised release" originally imposed, § 3583(e)(3); *see also Johnson*, 529 U.S. at 712 ("Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed.").

**[4]** Defendant already has served in prison part of his original term of supervised release. That original term was 5 years, or 60 months. After the three revocations of supervised release, Defendant served 6, 7, and 3 months' imprisonment, respectively. Consequently, the district court could impose no more than 44 months of supervised release. The 3-year (36-month) term thus was permissible.

AFFIRMED.