# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3188

_____

United States of America,

       Appellee,

    v.

Joseph Robert Zoran,

       Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*
\*

_____

Submitted: May 15, 2012
Filed: July 2, 2012

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

BEAM, Circuit Judge.

Zoran appeals the district court's imposition of an eighteen-month term of supervised release, in addition to twenty-four months' imprisonment, following the most recent revocation of his supervised release. Because the eighteen-month term of supervised release exceeded the statutory maximum under 18 U.S.C. § 3583(h), we remand to the district court with instructions that it reduce the term of supervised release to seventeen months.

## I.    BACKGROUND

On November 12, 2004, Zoran pled guilty in the United States District Court for the District of Minnesota to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Zoran then fled Minnesota and failed to appear at his sentencing hearing on February 23, 2005. After Zoran was apprehended, he pled guilty to failure to appear (FTA), in violation of 18 U.S.C. § 3146(a)(1). The district court sentenced Zoran to a total of thirty-seven months' imprisonment–twenty-four months on the child pornography count and thirteen months on the FTA count, to be served consecutively–and imposed two concurrent three-year terms of supervised release.

On June 27, 2008, Zoran began serving his term of supervised release, which the district court revoked on February 2, 2009. Following the revocation, the district court sentenced Zoran to nineteen months' imprisonment–eighteen months on the child pornography count and one month on the FTA count, to be served consecutively. The court also ordered a total of thirty-five months' supervised release–thirty-five months on the FTA count and eighteen months on the child pornography count, to be served concurrently.

On June 12, 2010, Zoran began serving his second term of supervised release, which the district court revoked on September 30, 2011. Following the second revocation, the district court sentenced Zoran to twenty-four months' imprisonment–six months on the child pornography count and eighteen months on the FTA count, to be served consecutively. The court also imposed an eighteen-month term of supervised release solely on the FTA count. Zoran appeals, arguing that (1) the eighteen-month term of supervised release exceeds the statutory maximum under 18 U.S.C. § 3583, and (2) the district court abused its discretion when it imposed the maximum term of supervised release in addition to a term of imprisonment.

## II.    DISCUSSION

### A.    Maximum Term of Supervised Release

Zoran argues that, under 18 U.S.C. § 3583, the district court was barred from imposing any term of supervised release or, in the alternative, that the eighteen-month term of supervised release imposed on the FTA count exceeds the statutory maximum. We review de novo the legality of a revocation sentence. United States v. Lewis, 519 F.3d 822, 824 (8th Cir. 2008).

Before addressing Zoran's specific challenges, it is helpful to review the framework of 18 U.S.C. § 3583, which governs the imposition of original terms of supervised release, revocation of supervised release, and postrevocation sentencing. Under § 3583(b)(2), district courts may impose an initial term of supervised release of "not more than three years" if the underlying conviction is a Class D felony.[1] If a district court revokes supervised release, it may impose a term of imprisonment "on any such revocation" not to exceed "2 years . . . if [the underlying] offense is a class . . . D felony." 18 U.S.C. § 3583(e)(3). In addition, the court may impose a postrevocation term of supervised release that does "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id. § 3583(h). With this framework in mind, we turn to Zoran's specific arguments.

First, Zoran argues that, because the district court sentenced him to a total of two years' imprisonment[2] following the second revocation, § 3583(h) barred the court

---

[1]Zoran's child pornography and FTA convictions are both Class D felonies.

[2]As discussed above, following the second revocation, the district court sentenced Zoran to six months' imprisonment on the child pornography count and

from imposing *any* additional term of supervised release. To support this argument, he emphasizes that, "[u]nder § 3583(h), if the court revokes supervised release and sentences the defendant to the maximum authorized prison term [under § 3583(e)(3)], it may not impose an additional term of supervised release." United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (per curiam) (applying pre-2003 version of § 3583(h)). Zoran's argument on this point is easily dismissed because he relies on an outdated version of § 3583(h) and, thus, obsolete precedent. Effective April 30, 2003, Congress amended § 3583(h) and "removed the pre-2003 qualification that a new term of supervised release could be imposed only if the post-revocation prison sentence imposed was less than the maximum term of imprisonment authorized under § 3583(e)(3)." United States v. Vera, 542 F.3d 457, 461 (5th Cir. 2008). Because the amended version of § 3583(h) applies to the term of supervised release imposed in this case,[3] Zoran's argument on this point is without merit.

Zoran's next two arguments are based on the district court's interpretation and application of the second sentence in § 3583(h), which provides that a term of supervised release imposed following revocation shall not exceed (1) "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release"; (2) "less any term of imprisonment that was imposed

_____

eighteen months on the FTA count, to be served consecutively. Zoran's contention that these consecutive terms must be aggregated for the purposes of § 3583(e)(3)'s cap is based on 18 U.S.C. § 3584(c). Section 3584(c) provides, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated *for administrative purposes* as a single, aggregate term of imprisonment." (emphasis added). As we have previously held, § 3584(c) merely instructs the Bureau of Prisons in administering sentences, United States v. Gamble, 572 F.3d 472, 474 (8th Cir. 2009), and is inapplicable to the issues before us.

[3]The eighteen-month term of supervised release at issue was imposed on Zoran's underlying FTA offense, which was committed in February 2005–well after the 2003 amendments went into effect.

upon revocation of supervised release."  18 U.S.C. § 3583(h).  Under § 3583(b)(2), the maximum original term of supervised release authorized for Zoran's FTA offense, a Class D felony, is three years.  Therefore, § 3583(h) barred the district court from imposing a term of supervised release exceeding "[three years] less *any term of imprisonment* that was imposed upon revocation of supervised release."  18 U.S.C. § 3583(h) (emphasis added).  Zoran advances two definitions of "any term of imprisonment," which we address in turn.[4]

First, Zoran argues that "any term of imprisonment," as contemplated in § 3583(h), requires aggregation of all postrevocation terms of imprisonment imposed on the same underlying offense.  This interpretation is correct.[5]  See Brings Plenty,

---

[4]For ease of reference, we include the following table of Zoran's postrevocation terms of imprisonment:

| Underlying Offense | FTA | Possession of Child Pornography | Total |
|---|---|---|---|
| **Term of Imprisonment: First Revocation** | 1 month | 18 months | 19 months |
| **Term of Imprisonment: Second Revocaton** | 18 months | 6 months | 24 months |
| **Total** | 19 months | 24 months | 43 months |

[5]The government argues that Brings Plenty is no longer controlling on this point because Congress amended § 3583(h) in 2003.  We disagree.  While Congress altered the *first* sentence of § 3583(h) in 2003, it "left untouched" the phrase "any term of imprisonment" in the *second* sentence of § 3583(h).  Vera, 542 F.3d at 461 (rejecting government's argument that the 2003 amendments altered the definition of "any term of imprisonment" espoused in Brings Plenty).  Therefore, Brings Plenty's interpretation of "any term of imprisonment" controls.

-5-

188 F.3d at 1053 (holding, with respect to a single underlying offense, that "'any term of imprisonment' includes the prison term in the current revocation sentence together with all prison time served under any prior revocation sentence(s)"); United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002) (concluding that "any term of imprisonment" includes "all postrevocation terms of imprisonment imposed with respect to the same underlying offense."). Thus, in this case, "any term of imprisonment" equals nineteen months–one month imprisonment imposed on the FTA count following the first revocation plus eighteen months imprisonment imposed on the FTA count following the second revocation. Accordingly, the maximum term of supervised release that may be imposed in this case is "[three years] less [nineteen months]," or seventeen months. 18 U.S.C. § 3583(h). Therefore, the district court erred when it sentenced Zoran to eighteen months' supervised release on the FTA count.

Our analysis is not complete, however, because Zoran advances an alternative definition of "any term of imprisonment" that would even further reduce the maximum term of supervised release in this case. Specifically, he contends that § 3583(h) requires aggregation of all terms of imprisonment imposed on all underlying offenses following the *latest* revocation.[6] If this interpretation applies, Zoran's maximum term of supervised release would be twelve months–three years minus six months on the pornography count and eighteen months on the FTA count.

We conclude that this interpretation of "any term of imprisonment" reaches beyond the textual limits of § 3583(h). Indeed, the plain text of § 3583(h) provides that a term of postrevocation supervised release "shall not exceed the *term* of

_____

[6]Our decision in Brings Plenty does not specifically address whether multiple underlying offenses must be analyzed separately under § 3583(h) because the defendant in that case was convicted of only one underlying offense. See Brings Plenty, 188 F.3d at 1052.

supervised release authorized by statute for the *offense* that resulted in the original *term* of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." (emphasis added). Given the statute's consistent use of "term" and "offense" in the singular form, we think the subsequent phrase "any term of imprisonment" plainly refers to "all postrevocation terms of imprisonment imposed *with respect to the same underlying offense*." Maxwell, 285 F.3d at 342 (emphasis added); cf. Johnson v. United States, 529 U.S. 694, 701 (2000) (holding, while analyzing an ex post facto challenge, that "[w]e . . . attribute postrevocation penalties [under § 3583(h)] to the original conviction"). Therefore, the district court did not err when it analyzed the FTA and child pornography offenses separately under § 3583(h).

### B.      Imposition of Maximum Term of Supervised Release

Zoran contends that the district court unreasonably imposed the maximum term of supervised release in addition to twenty-four months' imprisonment. We disagree. The record reveals that the district court considered the parties' arguments and contemplated the 18 U.S.C. § 3553(a) sentencing factors. See 18 U.S.C. § 3583(c) (directing district courts to consider § 3553(a) factors to determine "whether to include a term of supervised release" and "in determining the length of the term"). After doing so, the court decided that imposing the maximum term of supervised release was necessary to promote deterrence and to protect the public, see 18 U.S.C. § 3553(a)(2)(B)-(C), emphasizing Zoran's repeated failure to comply with the conditions of his supervised release. Under these circumstances, we conclude that the district court acted well within its discretion when it imposed the maximum term

of supervised release in this case.[7]  See United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (standard of review).

## III.  CONCLUSION

We vacate the supervised release portion of Zoran's revocation sentence and remand with instructions to the district court that it impose upon Zoran a term of supervised release of seventeen months.

_____

_____

[7]The district court's only error was its determination that the statutory maximum term of supervised release was eighteen months as opposed to seventeen months.  Therefore, we remand for the limited purpose of reducing Zoran's term of supervised release to seventeen months.  See United States v. Hergott, 562 F.3d 968, 970-71 (8th Cir. 2009) (finding postrevocation sentence substantively reasonable but remanding for the district court to reduce the sentence to the statutory maximum).