**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAULA SKERSTON, | No. 12-56624 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00803-DDP-RZ |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Paula Skerston, an attorney, appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging violations of her Fourth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009), and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Skerston failed to raise a genuine dispute of material fact as to whether defendants lacked reasonable suspicion to conduct an investigatory stop. *See Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011) (reasonable suspicion requires that an officer have "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity" (citation and internal quotation marks omitted)); *see also Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cnty.*, 542 U.S. 177, 186 (2004) (inquiry into a suspect's identity is a "routine and accepted" part of an investigatory stop and serves important government interests, including informing an officer that the suspect is wanted for any other offense).

**AFFIRMED.**