# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10984

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAY OSWALT,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, HIGGINBOTHAM, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Jay Oswalt was convicted of three offenses. He was sentenced to three concurrent terms of imprisonment and three concurrent terms of supervised release. After revoking each term of supervised release, the district court sentenced Oswalt to three consecutive six-month terms of imprisonment and three concurrent 24-month terms of additional supervised release. Oswalt argues that the terms of his supervised release exceed the statutory maximum under 18 U.S.C. § 3583(h). He asserts that the district court erred by failing to reduce the maximum term of supervised release for each count by all terms of imprisonment imposed upon revocation even though two of the terms of imprisonment were imposed for different counts. We affirm.

No. 13-10984

## I

Oswalt was convicted of two counts of bank robbery and one count of attempted bank robbery under 18 U.S.C. § 2113(a). He received three concurrent terms of imprisonment of 63 months to be followed by three concurrent terms of supervised release of 36 months. After serving his time in prison, Oswalt began his supervised release.

The district court later revoked Oswalt's supervised release because it determined that he had used and possessed certain controlled substances and had failed to attend drug counseling. The court sentenced Oswalt to prison for six months on each of his three counts, to run consecutively, for a total of 18 months of imprisonment. The court also sentenced Oswalt to 24 months of supervised release on each count, to run concurrently.

Oswalt did not object to the term of his supervised release in the district court. However, he now contends that the supervised release exceeds the maximum term allowed. He argues that the district court should have subtracted the sum of his three terms of imprisonment—18 months total—from the statutory maximum term of supervised release for each of his counts—36 months per count. Oswalt's equation limits his supervised release to 18 months per count, rather than the 24 months the district court imposed.

## II

When a defendant argues that his sentence exceeds the statutory maximum, we review the issue de novo, regardless of whether the defendant properly preserved the objection to his sentence.[1] Accordingly, whether Oswalt preserved error regarding the term of his supervised release is irrelevant.

---

[1] *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (citing *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000)).

No. 13-10984

## III

When a court revokes a term of supervised release and requires the defendant to serve a term of imprisonment, the court may also impose another term of supervised release following the defendant's imprisonment, with certain limitations.[2]    The maximum term of supervised release following revocation is limited by 18 U.S.C. § 3583(h):

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.[3]

This provision requires a two-step calculation.[4]

The first step requires the district court to "identify the term of supervised release authorized for the defendant's original offense."[5]    The parties do not dispute this portion of the calculation.  Oswalt was convicted of two counts of bank robbery and one count of attempted bank robbery under 18 U.S.C. § 2113(a).  The three offenses each carried a maximum sentence of twenty years,[6] making each offense a Class C felony.[7]  For a Class C felony, a court may impose a maximum term of three years of supervised release.[8]  Accordingly, Oswalt's three offenses originally carried a maximum of 36 months of supervised release, per count.

---

[2] 18 U.S.C. § 3583(h).

[3] *Id.*

[4] *Vera*, 542 F.3d at 459.

[5] *Id.*

[6] 18 U.S.C. § 2113(a).

[7] 18 U.S.C. § 3559(a).

[8] 18 U.S.C. § 3583(b)(2).

3

No. 13-10984

The next step requires the district court to "subtract from the originally authorized supervised release term 'any term of imprisonment that was imposed upon revocation of supervised release.'"[9]  The parties disagree as to how to apply this directive.

Oswalt contends that the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" requires the district court to combine the prison terms imposed for each individual count and subtract that total term of imprisonment from each of the 36-month maximums of supervised release for the respective counts.  Oswalt's calculation is as follows:

| Count | Maximum Term of Initial Supervised Release | Term of Imprisonment After Revocation (Served Consecutively) | Calculation (maximum term − total imprisonment after revocation) | Maximum Term of New Supervised Release |
|---|---|---|---|---|
| 1 | 36 mos. | 6 mos. | 36 – 18 | 18 mos. |
| 2 | 36 mos. | 6 mos. | 36 – 18 | 18 mos. |
| 3 | 36 mos. | 6 mos. | 36 – 18 | 18 mos. |

Oswalt argues that his supervised release of 24 months per count exceeds the authorized maximum by six months.

The Government agrees with the district court's interpretation of § 3583(h).  The Government reads "less any term of imprisonment that was imposed upon revocation of supervised release" to authorize the district court to subtract only the term of imprisonment imposed on a particular count, rather than the combined terms imposed on all counts revoked.  The Government's calculation is set forth below:

---

[9] *Vera*, 542 F.3d at 459-60 (quoting 18 U.S.C. § 3583(h)).

| Count | Maximum Term of Initial Supervised Release | Term of Imprisonment After Revocation (Served Consecutively) | Calculation (maximum term – term of imprisonment on that count) | Maximum Term of New Supervised Release |
|---|---|---|---|---|
| 1 | 36 mos. | 6 mos. | 36 – 6 | 30 mos. |
| 2 | 36 mos. | 6 mos. | 36 – 6 | 30 mos. |
| 3 | 36 mos. | 6 mos. | 36 – 6 | 30 mos. |

The Government contends that the limit set by § 3583(h) is 30 months and therefore, that Oswalt's 24 months of supervised release per count falls within that statutory limit.

This court agreed with the Government's interpretation of § 3583(h) in *United States v. Thomas*, an unpublished opinion.[10]  Although that opinion does not bind this panel,[11] we conclude that it correctly construed § 3583(h).

 Oswalt argues that the plain meaning of the words "*any* term of imprisonment" unambiguously requires a district court to subtract all terms of imprisonment imposed upon the revocation of supervised release from the subsequent term of supervised release.  In the alternative, he argues that even if § 3583(h)'s reference to "any term" is ambiguous, the rule of lenity requires us to construe the statute in favor of the defendant.

We previously addressed the meaning of "any term" in § 3583(h) in *United States v. Vera.*[12]  The district court in that case had twice revoked Vera's supervised release, which had been imposed for a single count of transporting an illegal alien.[13]  Following the second revocation, the district court calculated Vera's new term of supervised release by subtracting only the term of

---

[10] 551 F. App'x 223, 224 (5th Cir. 2014) (per curiam).

[11] *See* 5TH CIR. R. 47.5.4.

[12] 542 F.3d 457 (5th Cir. 2008).

[13] *Id.* at 458-59.

No. 13-10984

imprisonment that had been imposed because of the second revocation.[14] Vera argued that the district court erred because it failed to also subtract the term of imprisonment he served after the first revocation of his supervised release.[15]

We agreed with Vera that the district court was required to reduce his supervised release by the "aggregate length of any terms of imprisonment that have been imposed upon revocation."[16] We found decisions from other circuits persuasive.[17] The Fourth Circuit applied a plain-meaning approach, as Oswalt does here: "When the word 'any' is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word 'any' means 'all.'"[18] The Eighth and Eleventh Circuits, in addition to looking to the plain meaning of the text, also found support in the relevant legislative history.[19] The sponsor of an earlier bill, which created a formula identical to the one found in § 3583(h), provided an example where a defendant, like Vera, was credited for his terms of incarceration following both his first and second revocations of supervised release.[20] Accordingly, we held that the district court erred in not subtracting both of Vera's postrevocation terms of imprisonment.[21]

However, *Vera* read § 3583(h)'s use of "any term of imprisonment" in the context of multiple revocations for a single count and did not address the

---

[14] *Id.* at 459.

[15] *Id.*

[16] *Id.* at 462 (quoting *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007)) (internal quotation marks omitted).

[17] *See id.* at 460-62.

[18] *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002).

[19] *See Vera*, 542 F.3d at 460-61 (citing *Mazarky*, 499 F.3d at 1250 and *United States v. Brings Plenty*, 188 F.3d 1051, 1054 (8th Cir. 1999) (per curiam), *superseded by statute on other grounds*, Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650).

[20] 102 CONG. REC. S7,771 (daily ed. June 13, 1991) (statement of Sen. Thurmond).

[21] *Vera*, 542 F.3d at 462.

question Oswalt presents today: how to interpret the same language where a defendant's supervised release has been revoked for the first time but on multiple counts. The Eighth Circuit has addressed this question, and it agreed with the Government.[22]

In *United States v. Zoran*, the Eighth Circuit rejected the argument Oswalt makes here:

> [T]he plain text of § 3583(h) provides that a term of postrevocation supervised release "shall not exceed the *term* of supervised release authorized by statute for the *offense* that resulted in the original *term* of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Given the statute's consistent use of "term" and "offense" in the singular form, we think the subsequent phrase "any term of imprisonment" plainly refers to "all postrevocation terms of imprisonment imposed *with respect to the same underlying offense*."[23]

The Eighth Circuit's construction of § 3583(h) is clearly correct. The formula in § 3583(h) is count specific and does not contemplate subtracting the postrevocation terms of imprisonment imposed on all counts.

Oswalt argues that the district court's failure to aggregate across counts fails to serve the purposes of the supervised-release statute. He asserts that supervised release aims to rehabilitate rather than punish,[24] pointing to the fact that a court may not consider what is "just punishment for the offense" when setting the terms and conditions of supervised release.[25]

---

[22] *United States v. Zoran*, 682 F.3d 1060, 1064 (8th Cir. 2012).

[23] *Id.* (quoting, in part, *Maxwell*, 188 F.3d at 342).

[24] *See United States v. Johnson*, 529 U.S. 53, 59 (2000).

[25] *Compare* 18 U.S.C. § 3553(a)(2)(A) (listing the provision of "just punishment for the offense" as a factor for the court to consider when imposing a sentence), *with* § 3583(c) (stating a court can only consider certain factors when deciding to impose a term of supervised release, and the provision of "just punishment for the offense" is not one of them).

No. 13-10984

Oswalt's argument about the purposes of supervised release is unavailing because it conflicts with the clear meaning of § 3583(h).  In any event, the statute requires the sentencing judge to consider factors unrelated to rehabilitation.  The district court must consider whether the term of supervised release would "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant."[26]

*     *     *

For the foregoing reasons, the sentence of the district court is AFFIRMED.

---

[26] 18 U.S.C. §§ 3553(a)(2)(B)-(C), 3583(c).