**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MARK WILLIAM HERTLER,
*Defendant-Appellant*.

No. 13-30273

D.C. No.
9:12-cr-00032-DWM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
July 10, 2014—Portland, Oregon

Filed January 15, 2015

Before: Harry Pregerson, Richard A. Paez,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Paez

## SUMMARY[*]

### Criminal Law

Affirming a postrevocation term of supervised release, the  panel held that the phrase "any term of imprisonment" in 18 U.S.C. § 3583(h), which authorizes a district court to impose a postrevocation term of supervised release up to the statutory maximum less "any term of imprisonment that was imposed upon revocation of supervised release," refers to terms of imprisonment imposed in connection with the offense of conviction for which an additional term of supervised release is imposed, not to terms of imprisonment imposed for all counts of conviction.

## COUNSEL

Andrew J. Nelson (argued), Assistant Federal Defender, Federal Defenders of Montana, Missoula, Montana, for Defendant-Appellant.

Lori Anne Harper Suek (argued) and Cyndee L. Peterson, Assistant United States Attorney, United States Attorneys' Office District of Montana, Missoula, Montana, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**OPINION**

PAEZ, Circuit Judge:

Defendant Mark William Hertler appeals a postrevocation term of supervised release. He argues that the new term of twenty months exceeds the maximum period that can be imposed under 18 U.S.C. § 3583(h). That subsection authorizes a district court to impose a postrevocation term of supervised release up to the statutory maximum, but requires the court to reduce the length of supervised release by "any term of imprisonment that was imposed upon revocation of supervised release." Hertler contends that the phrase "any term of imprisonment" in § 3583(h) refers to any term of imprisonment imposed for *all* offenses following the latest revocation of supervised release. He therefore argues that the district court erred when it construed this clause to refer only to all terms of imprisonment imposed for a single underlying offense. He further argues that, as a result of this error, the district court concluded that he was eligible for up to thirty-two months of additional supervised release when he should have been sentenced to no more than nine.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review *de novo* the legality of Hertler's sentence. *United States v. Xinidakis*, 598 F.3d 1213, 1215 (9th Cir. 2010). For the reasons set forth below, we agree with the construction of "any term of imprisonment" adopted by the district court, the Eighth Circuit in *United States v. Zoran*, 682 F.3d 1060 (8th Cir. 2012), and the Fifth Circuit in *United States v. Oswalt*, 771 F.3d 849 (5th Cir. 2014). We therefore affirm.

**I**

On July 13, 2005, Hertler was named in a two-count indictment in the Southern District of Texas. The indictment charged Hertler with: (1) distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(2), and (2) possession of child pornography involving sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(1), and 2256(8). Hertler pled guilty to both counts in September, 2005. The district court ultimately sentenced him to concurrent terms of eighty-seven months of imprisonment on Count 1 and sixty months on Count 2. The court also imposed concurrent thirty-six month terms of supervised release "as to each of Counts 1 and 2."[1]

Hertler was released from prison and began his supervised release on November 22, 2011. In July, 2012, the Southern District of Texas transferred jurisdiction over Hertler's case to the District of Montana. Shortly thereafter, on July 18, 2012, Hertler's probation officer filed a petition to revoke Hertler's supervised release. Among other allegations, the petition alleged that Hertler violated several conditions of his release by possessing sexually explicit materials, and by attending a Christmas dinner at which his nine-year-old niece was present. Hertler admitted the allegations. The district court revoked Hertler's supervised release and sentenced him to consecutive terms of nine months of imprisonment on Count 1 and three months on Count 2. The court also

---

[1] The judgment noted that the offense conduct for Count 1 ended October 31, 2002 and that the offense conduct for Count 2 ended February 5, 2003. Hertler is therefore not subject to the PROTECT Act, which altered the supervised release limits for violations of § 2252A. *See* 18 U.S.C. § 3583(k).

imposed concurrent terms of twenty-four months of supervised release on each of Counts 1 and 2.

Hertler was released from prison on July 17, 2013. Shortly thereafter, on August 1, 2013, Hertler's probation officer filed a petition to revoke his supervised release. The petition alleged that Hertler again violated the conditions of his release by possessing sexually explicit movies. Hertler admitted the violation. The district court sentenced Hertler to fifteen months of imprisonment on Count 1 and one month on Count 2, to run concurrently. The court also imposed a twenty month term of supervised release on Count 2. The district court did not impose any additional period of supervised release on Count 1. Hertler timely appealed his sentence.

## II

We begin our analysis by reviewing the relevant statutes.

Section 3583 governs the imposition of supervised release. Subsection (a) authorizes district courts to impose supervised release, while subsection (b) sets forth the maximum period of supervised release that may be imposed for an offense of conviction. For example, subsection (b) provides that "for a Class A or Class B felony, not more than five years" may be imposed. 18 U.S.C. § 3583(b). Subsection (e) governs the modification of conditions and revocation of supervised release. As relevant here, § 3583(e)(3) provides that a court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." That subsection also limits the amount

of time that a court may require a defendant to serve in prison upon revocation, providing different maximum terms for different classes of felonies. *Id.*

Subsection 3583(h), the provision at issue in this case, governs the imposition of any additional term of supervised release following revocation:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. *The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.*

*Id.* (emphasis added).

We have held that the limit on the length of a term of supervised release under § 3583(h) requires that "the maximum term of supervised release to be imposed following multiple revocations of supervised release . . . be reduced by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release." *United States v. Knight*, 580 F.3d 933, 940 (9th Cir. 2009) (emphasis omitted); *accord United States v. Anderson*, 519 F.3d 1021, 1025 (9th Cir. 2008). Thus, for example, in *Anderson*, we held that because the original term of supervised release was sixty months and, as a result of three

revocations, the defendant had served additional terms of six, seven, and three months (a total of sixteen months), the district court could impose no more than forty-four months of supervised release for the fourth violation. 519 F.3d at 1025.

Also relevant to the imposition of supervised release is 18 U.S.C. § 3624(e), which provides that

> [t]he term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

In essence, § 3624(e) provides that when a district court initially imposes multiple terms of supervised release, it must order that they run concurrently.

### III

Relying in part on *Knight*, Hertler argues that, in calculating the maximum term of supervised release that could be imposed for Count 2, the district court should have aggregated the prison time imposed in connection with both Counts 1 *and* 2, and reduced the current term of supervised release accordingly. This adjustment would have significantly reduced the maximum term of supervised release that the court could have imposed for the current violation. Under Hertler's approach, the court should have started with the "term of supervised release authorized by statute" for Count 2, which was thirty-six months. 18 U.S.C.

§ 3583(b), (h). Next, the court should have aggregated all postrevocation prison sentences, which totaled twenty-seven months—nine months on Count 1 and three months on Count 2 for the first violation, and fifteen months on Count 1 for the second violation. After deducting this amount from the statutory period of thirty-six months, the maximum length of supervised release that the district court could have imposed, according to Hertler, was nine months.

The government argues that because the convictions and sentences for Counts 1 and 2 were separate and distinct, the district court was not required to reduce the term of postrevocation supervised release that could be imposed for Count 2 by any months of imprisonment imposed for Count 1. Rather, the court was required to reduce the term of supervised release only by the aggregate of all time imposed on Count 2. According to the government, because the district court initially imposed thirty-six months of supervised release on Count 2 and has imposed only four months of postrevocation imprisonment on this count (three months for the first revocation and one month for the second), the maximum term of supervised release the court could have imposed was thirty-two months on Count 2. The government argues that, because the district court imposed only a twenty month term, Hertler's postrevocation sentence was proper under § 3583(h). We agree.

## A

As an initial matter, Hertler's reliance on *Knight* is misplaced. Hertler argues that *Knight* supports aggregating the postrevocation terms of imprisonment for different counts of conviction. However, in *Knight*, the defendant was convicted of only one offense. *See* 580 F.3d at 935. Thus, in

determining the maximum term of supervised release, the court was required to consider only whether postrevocation terms of imprisonment imposed for the same offense should be aggregated. *See id.* at 940. The court did not consider the issue presented here—whether postrevocation terms of imprisonment for different counts of conviction must be aggregated. *Knight* is inapposite.

Although we have not yet addressed the precise issue raised in this appeal, the Eighth Circuit confronted it in *Zoran*. There, the defendant argued that § 3583(h) required the district court to aggregate all postrevocation terms of imprisonment imposed on all counts of conviction following the latest revocation, not just those terms of imprisonment imposed for the same offense. 682 F.3d at 1064. The court held that the defendant's approach "reach[ed] beyond the textual limits of § 3583(h)." *Id.* In rejecting the defendant's argument, the court explained:

> the plain text of § 3583(h) provides that a term of postrevocation supervised release "shall not exceed the *term* of supervised release authorized by statute for the *offense* that resulted in the original *term* of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." (emphasis added). Given the statute's consistent use of "term" and "offense" in the singular form, we think the subsequent phrase "any term of imprisonment" plainly refers to "all postrevocation terms of imprisonment imposed *with respect to the same underlying offense*."

*Id.* (quoting *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (emphasis added)).  The Fifth Circuit adopted the Eighth Circuit's interpretation in *Oswalt*, 771 F.3d at 853 ("The Eighth Circuit's construction of § 3583(h) is clearly correct.  The formula in § 3583(h) is count specific and does not contemplate subtracting the postrevocation terms of imprisonment imposed on all counts.").  We agree with the Eighth and Fifth Circuits that the text of § 3583(h) supports the conclusion, and the government's argument, that "any term of imprisonment" refers to terms of imprisonment imposed for the same offense of conviction.

As *Zoran* recognized, § 3583(h) uses "term" and "offense" in the singular.  Section 3583(h)'s use of the singular form suggests that "any term of imprisonment" means any term of imprisonment imposed for the same offense.  This interpretation is further supported by other subsections of § 3583, which use the offense of conviction as a point of reference.  For example, § 3583(b) uses the nature of the offense to set the limit on the maximum period of supervised release that may be imposed.  *See* 18 U.S.C. § 3583(b) (setting the maximum length of supervised release based on whether the offense was a Class A, B, C, D, or E felony or a misdemeanor).  Section 3583(e)(3) similarly ties a postrevocation sentence to a specific offense of conviction.  *See id.* § 3583(e)(3) (permitting a court to "revoke a term of supervised release[] and require the defendant to serve in prison all or part of the term of supervised release authorized by statute *for the offense that resulted in such term* of supervised release" (emphasis added)).

Section 3583 therefore suggests a scheme in which terms of supervised release and terms of imprisonment following revocation of supervised release are tied to specific offenses.

In light of this structure, it makes sense that the phrase "any term of imprisonment" in § 3583(h) means "any term of imprisonment" imposed in connection with the offense of conviction for which an additional period of supervised release is imposed. We therefore agree with *Zoran* and the government that the statutory text and structure support construing "any term of imprisonment" to mean any "terms of imprisonment imposed *with respect to the same underlying offense*." 682 F.3d at 1064.

Hertler's arguments to the contrary are unavailing. He contends that, because 18 U.S.C. § 3624(e) mandates that all terms of supervised release run concurrently, those terms merge into a unitary whole. Accordingly, under his reading, in this case the district court could have imposed a postrevocation supervised release term of no more than nine months, the difference between his concurrent terms of supervised release (thirty-six months) and the sum of postrevocation terms of imprisonment imposed on both counts (twenty-seven months).

But nothing in the text of § 3624(e) or any other relevant statute demands this merger of counts for purposes of calculating the appropriate postrevocation term of supervised release. Terms of imprisonment and terms of supervised release attach to particular counts of conviction, not to the combination of all counts. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) (holding that § 3583(h), added by statute after Johnson's offense of conviction, could not apply retroactively because "postrevocation penalties relate to the original offense."). Thus, with respect to a particular count of conviction, a defendant may not be ordered to serve a term of supervised release longer than the maximum term the

district court could have imposed *on that count*, less any postrevocation prison time imposed *on that count*.

Although *Knight* did not address the particular question at issue here, both that decision and the circuit cases it followed support this conclusion. One of the cases we cited in *Knight*, *United States v. Merced*, clearly explained why a sentencing court must aggregate all postrevocation terms of imprisonment related to a particular offense in calculating the available term of supervised release. As the Second Circuit observed, the contrary result "would permit an endless cycle of consecutive terms of imprisonment and supervised release based *on a single underlying offense*, a result that Congress gave no indication whatsoever of intending." *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001) (per curium) (emphasis added). Thus, in *Merced* as in *Knight*, the concern was avoiding a scheme that would permit sentencing courts to avoid ever exhausting the statutory maximum sentence otherwise applicable to a particular offense. Achieving that goal does not require aggregating the terms of imprisonment for all counts of conviction; and, as the language in *Merced* makes clear, in reaching its conclusion, the *Merced* court assumed that terms of supervised release would be tied to individual offenses. *See also United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007) (quoting *Merced*'s reasoning and reference to a "single underlying offense"); *Maxwell*, 285 F.3d at 341 (expressing concern that if a sentencing court failed to aggregate postrevocation sentences, a defendant "could be sentenced to a term of supervised release that exceeded the statutory maximum term of supervised release authorized for the original offense."). In other words, the scheme established by Congress is count-specific.

Thus, for the reasons set forth above, we hold that the text of § 3583(h) and the structure of § 3583 support the government's argument that "any term of imprisonment" means any "terms of imprisonment imposed *with respect to the same underlying offense*." *Zoran*, 682 F.3d at 1064.

## B

Hertler finally argues that the rule of lenity requires that we interpret § 3583(h) in his favor. We disagree. The rule of lenity is a rule of statutory construction that instructs that, where a statute is ambiguous, courts should not interpret the statute "so as to increase the penalty that it places on" the defendant. *Albernaz v. United States*, 450 U.S. 333, 342 (1981). "The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of [the] rule, for most statutes are ambiguous to some degree." *Muscarello v. United States*, 524 U.S. 125, 138 (1998). Rather, "[t]he rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." *Id.* (internal alterations and quotation marks omitted); *see also Johnson*, 529 U.S. at 713 n. 13 ("Lenity applies only when the equipoise of competing reasons cannot otherwise be resolved."). In other words, the rule only applies where "a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (internal quotation marks omitted). Here, § 3583's text and structure allow us to conclude that the most reasonable interpretation of § 3583(h) is the one advanced by the government. In sum, there is no "grievous ambiguity," *Muscarello*, 524 U.S. at 139, and no "reasonable doubt

persists" regarding our construction, *Moskal*, 498 U.S. at 108. Accordingly, we reject Hertler's rule of lenity argument.

**IV**

For the foregoing reasons, we affirm Hertler's postrevocation sentence of twenty months of supervised release.

**AFFIRMED.**