**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DWAYNE MICHAEL LAUKA,

Defendant-Appellant.

No. 15-30371

D.C. No. 2:00-cr-00368-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Dwayne Michael Lauka appeals from the district court's judgment and

challenges the 35-month term of supervised release imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lauka contends that his term of supervised release exceeds the maximum

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

period authorized by 18 U.S.C. § 3583(h). Specifically, he claims that the district court failed to reduce his supervised release term by 24 months to reflect the 24-month term of imprisonment that he served upon revocation of his supervised release in the Districts of Oregon and Eastern California. We disagree. Lauka's sentence in the instant case is based on his violations of the supervised release conditions imposed following his conviction in the Western District of Washington; he is not entitled to credit for the post-revocation sentence imposed in connection with his convictions in the Districts of Oregon and Eastern California. *See United States v. Hertler*, 776 F.3d 680, 684 (9th Cir. 2015) (section 3583(h)'s reference to "any term of imprisonment" refers to the post-revocation terms of imprisonment imposed with respect to the same underlying offense).

Lauka next contends that the district court failed to consider the sentencing factors and explain adequately its reasons for imposing the term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered only the proper 18 U.S.C. § 3583(e) sentencing factors and adequately explained its reasons for determining that a term of supervised release was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en

15-30371

banc).  Moreover, the sentence is not an abuse of the district court's discretion in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Lauka's extensive criminal history and breach of the court's trust.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**