# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4017
_____

United States of America

*Plaintiff - Appellee*

v.

Camille Touche

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: April 13, 2017
Filed: June 12, 2017
[Unpublished]

_____

Before RILEY, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Camille Touche brings this appeal after the district court[1] revoked her supervised release on a federal sentence that she was serving, and imposed a

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

revocation sentence of 11 months in prison and no additional supervised release. Twice before, the district court had revoked Touche's supervised release, and imposed revocation sentences and additional supervised release, for violations of her release conditions. For reversal, Touche argues that her revocation sentence is illegal under 18 U.S.C. § 3583, because the cumulative total of her revocation prison terms exceeds by one month the term of supervised release that was originally imposed, or that is authorized for the underlying offense under 18 U.S.C. § 3583(b). We affirm.

Touche's argument fails. Under the law applicable to her offense, which she committed in 2007, revocation sentences are not aggregated in determining statutory limits. See United States v. Lewis, 519 F.3d 822, 824-25 (8th Cir. 2008) (former § 3583(e)(3) requirement to aggregate revocation prison sentences changed with April 30, 2003 addition of phrase "on any such revocation"; where original offense of conviction was committed thereafter, plain language of § 3583(e)(3) permits sentencing without considering or aggregating prison terms for prior revocations).[2] Touche argues that Lewis was wrongly decided, but the decision is binding unless overruled by the court en banc. See United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____

_____

[2]Only when a court imposes both a revocation sentence and additional supervised release do prior revocation prison terms limit the permissible sentence. See 18 U.S.C. § 3583(h); United States v. Zoran, 682 F.3d 1060, 1063-64 (8th Cir. 2012).