**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4040**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

MUNEEB AKHTER,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:15-cr-00124-TSE-1)

Submitted:  July 12, 2019                                        Decided:  July 19, 2019

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muneeb Akhter appeals the sentence imposed following his second revocation of supervised release. On appeal, Akhter asserts that the district court plainly erred by imposing a 32-month supervised release term, as that term exceeds the applicable statutory maximum. Finding Akhter's argument well-taken, we vacate the revocation judgment and remand to the district court for the imposition of a new term of supervised release.

Because Akhter did not challenge the length of his supervised release term in the district court,[*] our review is for plain error. *United States v. Maxwell*, 285 F.3d 336, 338 (4th Cir. 2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). "[W]hen a new term of supervised release is imposed 'after imprisonment' upon revocation, that term 'shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation.'" *United States v. Sanchez*, 891 F.3d 535, 540 (4th Cir. 2018) (quoting 18 U.S.C. § 3583(h) (2012)). "[T]he plain meaning of the phrase 'less any term of imprisonment that was imposed upon revocation of supervised release' . . . is that the prison term in the current revocation sentence,

---

[*] We reject the Government's contention that Akhter has affirmatively waived his challenge to his supervised release term through his conduct during the second revocation proceeding. Viewed in context, the statement on which the Government relies does not rise to the level of an "intentional relinquishment or abandonment of a known right" that would foreclose appellate review of Akhter's claim. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (intentional quotation marks omitted).

together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated." *Maxwell*, 285 F.3d at 341.

Here, the maximum term of supervised release authorized for each of Akhter's six counts of conviction is three years. *See* 18 U.S.C. §§ 1001(a), 1028A(a)(1), 1030(c)(2)(B)(i), 1349, 1503(b)(3), 3559(a)(3), (4), 3583(b)(2) (2012). Akhter received a 15-month sentence of imprisonment in his first revocation proceeding and a 4-month sentence of imprisonment in his second revocation proceeding, for a total of 19 months. Section 3583(h) thus authorized the court to impose a supervised release term of no more than 17 months.

The Government contends that the 32-month supervised release term was authorized because the district court imposed multiple concurrent counts of supervised release. According to the Government's reasoning, the court lawfully could have imposed no sentence of imprisonment on at least one count of conviction in the first revocation proceeding, authorizing it to impose the entire 36-month term of supervised release with respect to that count in the second revocation proceeding, less the 4 months of imprisonment it imposed in that second proceeding. Assuming, without deciding, that the Government is correct as a legal matter, *see United States v. Hertler*, 776 F.3d 680, 684 (9th Cir. 2015); *United States v. Oswalt*, 771 F.3d 849, 851-53 (5th Cir. 2014); *United States v. Zoran*, 682 F.3d 1060, 1063-64 (8th Cir. 2012), we conclude the Government's argument is factually flawed.

Simply put, nothing in the record supports the Government's post hoc assertion that the court intended to impose different terms of imprisonment with respect to

3

different counts of conviction during the first revocation proceeding. To the contrary, the court imposed a unitary sentence in both revocation proceedings, apparently signaling its intention to impose the same term of imprisonment and supervised release on each count. Further, absent a resentencing in the first revocation proceeding, the court was not authorized to modify Akhter's first revocation sentence, even if it had, in fact, intended to impose different terms for different counts in that proceeding. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (recognizing that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart,'" and describing limited circumstances permitting sentence modification); *cf. United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (law of the case doctrine). Such resentencing is now unavailable, given that Akhter is serving a subsequent revocation judgment. Thus, we are persuaded that Akhter's 32-month term of supervised release exceeds, by 15 months, the applicable statutory maximum under § 3583(h). Our precedent also establishes that the imposition of this sentence amounts to a plain error warranting correction when challenged for the first time on appeal. *Maxwell*, 285 F.3d at 341-44.

Accordingly, we vacate the district court's judgment and remand to the district court for the imposition of a term of supervised release consistent with this opinion. Because Akhter is represented by counsel, we deny his motion for leave to file a pro se supplemental brief, his motion for leave to file a pro se supplemental reply brief, and his motions to correct the reply brief. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We deny as moot Akhter's motion for clarification and to expedite decision. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*