# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3716

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Lee Simpson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 14, 2019
Filed: November 26, 2019
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to being a felon in possession of a firearm, Bryan Lee Simpson was sentenced in July 2005 to 180 months imprisonment and three years of supervised release. In July 2016, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he was resentenced to time served and commenced supervised release. His conditions were modified to require twenty hours

of community service in August 2017 and again in October 2017 following violations of alcohol, controlled substance, and community service conditions, and for failing to be truthful. In February 2018, he was ordered to serve a weekend in jail for marijuana use, failure to complete community service, and providing false information. In July 2018, he admitted a new law violation, driving while suspended. In September 2018, he received another weekend jail sentence and twenty hours of community service for again using marijuana and failing to complete community service obligations.

In December 2018, Simpson stipulated to four Grade C violations: failure to complete community service, failure to complete a jail sentence, failure to comply with substance abuse treatment, and a new arrest for driving while suspended and possession of marijuana. At the revocation hearing, Probation Officer Emily Noordhoek testified concerning the nature and circumstances of the violations. The district court,[1] expressly considering the advisory guidelines range and 18 U.S.C. § 3553(a) sentencing factors, revoked Simpson's supervised release and sentenced him to 8 months imprisonment (the bottom of the advisory range) and 52 months of supervised release. Simpson appeals the revocation sentence.

Simpson first argues the district court abused its discretion by imposing a substantively unreasonable revocation prison term that is greater than necessary to achieve the purposes of sentencing. He argues that the court gave too much weight to "the accumulation of technical violations" and failed to take account of Simpson's positive steps at reentering the community after serving a long sentence. We review a revocation sentence "under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. White, 840 F.3d 550, 552 (8th Cir. 2016) (quotation omitted). Here, the district court concluded that a prison

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

sentence at the bottom of the advisory range was appropriate because, although Simpson is capable of maintaining employment and supporting his family and does not appear to be a danger to the community, two and one-half years of violations including drug and alcohol violations and committing new law offenses warranted an 8 month prison sentence. We conclude the district court acted well within its substantial discretion in giving substantial weight to Simpson's "repeated failure to comply with the conditions of his supervised release" and imposing a within-range revocation sentence. United States v. Zoran, 682 F.3d 1060, 1065 (8th Cir. 2012).

Simpson further argues the district court abused its discretion in imposing "a full 52 months of supervised release" when his original sentence included only 36 months of supervised release. The government explains that 52 months are more than is authorized: Simpson's initial sentence as an armed career criminal was a Class A felony. See 18 U.S.C. § 3559(a)(1). The authorized term of supervised release was not more than five years, even though only three years was imposed. See § 3583(b)(1). A revocation sentence may include a term of supervised release not greater than the maximum term authorized for the underlying conviction, less any prison term imposed upon revocation. § 3583(h). The district court imposed a "full" revocation term, 60 months - 8 months = 52 months. However, when Simpson's initial sentence was modified to time served based upon Johnson, it was no longer a Class A felony, and the maximum term of supervised release was reduced to three years. §§ 3583(b)(2), (h). Thus, the government correctly concludes, a "full" revocation term of supervised release must be limited to 36 months minus 8 months, or 28 months.

Accordingly, as in Zoran, 682 F.3d at 1065, we vacate the supervised release portion of Simpson's revocation sentence and remand with instructions that the district court impose a supervised release term of 28 months. In all other respects, the revocation judgment and sentence are affirmed.

_____